STATE OF VERMONT

ENVIRONMENTAL COURT

In re: Appeal of Shirley Himes  }
                                }
                                }  Docket No. 251-11-00 Vtec
                                }
                                }

Decision and Order on Motion to Dismiss

Appellant appealed from the portion of an August 24, 2000 decision of the Zoning Board of Adjustment (ZBA) of the Town of Calais, related to a curb cut permit issued by the Town Clerk to Appellee-Applicants. Appellant is represented by Gerald R. Tarrant, Esq.; Appellee-Applicant Black Rock Coal Company, Inc. is represented by George Rice. The Town has not entered an appearance in this matter, nor have the other interested parties in the related appeal In re Appeal of O= Rear, Docket No. 2-1-00 Vtec. Appellee-Applicants have moved to dismiss the Himes appeal as untimely filed, for lack of jurisdiction in Environmental Court and for lack of Ms. Himes= standing to appeal.

In a related appeal, In re Appeal of O= Rear, Docket No. 2-1-00 Vtec, a group of appellants appealed the ZBA= s December 7, 1999 grant of conditional use approval to Appellee-Applicant to develop a slate extraction site on land off Bliss Pond Road to be purchased from Stanley and Janice Morse. Appellant is an adjoining property owner to the Stanley and Janice Morse property. Appellant= s daughter holds a building permit to build a residence on Appellant= s property, approximately 100 yards from the proposed quarry site.

The following sequence of events is not in dispute. Condition 4 of the December 1999 conditional use approval required all trucks to use a right of way directly onto County Road and required permittees to A obtain a road cut permit onto the County Road from the Town Road Commissioner.@ On June 23, 2000, Appellee-Applicant applied to the Town for an A access permit@ onto the County Road. On June 25, 2000, the Town Clerk issued the access permit as A Town Clerk/Agent.@ The permit states that it is issued A in accordance with Title 19, Section 43[1], V.S.A.@ The only condition of the access permit reads as follows: A subject to approval by zoning board.@

At some time before July 27, 2000, Appellee-Applicant filed application #2000-25, seeking an amendment to conditional use permit No. 99-47 for access to the County Road, and attaching the access permit. The minutes of the ZBA discussion on August 24, 2000 show that the matter was continued from the ZBA meeting on July 27, 2000.

At the August 24, 2000 meeting of the ZBA, Appellee-Applicant= s representative Rose Pelchuk asked for the amendment application to be withdrawn. The minutes read that A the Board

accepted this, and decided that they would not need to take any action,@ at least in part because the amendment request had been withdrawn. The final sentence of the minutes reads in full: A the curb cut will be recorded as a permit from the town as it was issued by [sic] without the approval (or disapproval) of the zoning board.@

Appellant attended the ZBA hearing but did not know of the ZBA= s statement regarding the A recording@ of the curb cut permit until her attorney requested and received a copy of the minutes on September 26, 2000. Her appeal was timely from the September 26, 2000 date of receipt of those minutes, but not from the August 24, 2000 meeting. The questions raised by Appellant in this appeal are (1) whether the access (curb cut) permit is based on sufficient and supportable evidence regarding the necessary sight distance; (2) whether the access (curb cut) permit is a valid permit issued pursuant to a valid delegation of Town authority; (3) whether the recording of the access (curb cut) permit as stated in the August 24, 2000 minutes of the ZBA constitute a valid and enforceable permit; and (4) whether the minutes accurately reflect the discussion at the August 24, 2000 ZBA hearing relative to the issuance of the access (curb cut) permit.

Appellee-Applicant has moved to dismiss this appeal as untimely, for lack of Appellant= s standing, and for want of jurisdiction in this Court.

Appellant has standing as an adjoining property owner and within the area potentially affected by the proposed curb cut and access road to the quarry site.

This Court has jurisdiction of appeals from actions of the ZBA. It does not have jurisdiction of challenges either to the content of access permits issued under 19 V.S.A. ' 1111, or to the authority of the town officials who purport to issue them or to receive them for filing. Those permits are appealable, if at all, under V.R.C.P. 74 or 75, including actions in the nature of mandamus or quo warranto as provided in V.R.C.P. 81(b). See, Vermont State Employees Assn., Inc. v. Vermont Criminal Justice Training Council, 167 Vt. 191, 195 (1997); Hunt v. Village of Bristol, 167 Vt. 191, 195 (1997). Therefore Questions 1, 2 and 3 are beyond the jurisdiction of the Court, and Appellee-Applicant= s Motion to Dismiss is GRANTED as to Questions 1, 2 and 3 of the Statement of Questions.

However, we note that it appears from Article II, ' 11 of the Town= s Zoning Ordinance, as well as from the text of 19 V.S.A. ' 1111, that such access permits are to be issued by the selectboard. Article II, ' 11 also requires that the zoning administrative officer receive and file the curb cut permit before the zoning permit application may be considered complete. Therefore, in the Appeal of O= Rear, Docket No. 2-1-00 Vtec, this Court will necessarily have to determine whether the curb cut permit is valid in order to determine if the conditional use application is complete. Further, the Court will have to consider the adequacy of the sight distances along County Road to address Article II, ' 7(B)(3) and (C)(2).

It appears from the minutes of the August 24, 2000 ZBA meeting that the only action the ZBA took with respect to Appellee-Applicant= s project was to accept Appellee-Applicant= s withdrawal of its application to amend the December 1999 conditional use permit. However, the question of whether the minutes of the August 24, 2000 ZBA meeting accurately reflect the

action taken at that meeting is not properly before the Court. In the present context it would be premature and an entirely advisory question. The Court only has jurisdiction of appeals from actions of the ZBA. If Appellant wishes to request the ZBA to reform or amend the minutes of that meeting, and if the ZBA declines to do so to Appellant= s satisfaction, this Court would then have jurisdiction of an appeal of the ZBA= s action or refusal to act. At such time, if Appellant files an appeal, the Court would consider any motion to waive the appeal fee. Accordingly, Appellee-Applicants= Motion to Dismiss is GRANTED as to Question 4 of the Statement of Questions.

Based on the foregoing dismissal of each of the questions raised in this appeal, Appellee-Applicant= s Motion to Dismiss this appeal is GRANTED. We therefore need not reach the question of whether the attempted appeal was or was not timely filed. All remaining issues involving this project are before the Court in Appeal of O= Rear, Docket No. 2-1-00 Vtec. The two appeals were not consolidated; therefore this decision is a final and appealable decision and concludes Docket No. 251-11-00 Vtec.

Done at Barre, Vermont, this 23rd day of January, 2001.

_____
Merideth Wright
Environmental Judge

---

## Footnotes

1.    Now, presumably, 19 V.S.A. §1111.